# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| TONY TRAYLOR, Jr., #1959391 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-048-JDK-KNM |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Tony Traylor, Jr., a Texas Department of Criminal Justice (TDCJ) prisoner proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case. On October 4, 2024, Judge Mitchell issued a Report recommending that the petition be dismissed with prejudice as barred by the applicable statute of limitations and that a certificate of appealability be denied. Docket No. 41. Petitioner filed written objections on October 21, 2024, along with a separate argument in support of a certificate of appealability. Docket Nos. 44, 46.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner's objection reargues the timeliness of his petition but does not persuade the Court that his filing was timely in light of the record and briefs in this case. He asserts that his petition should have been deemed filed on or around December 11, 2023, when he first attempted to mail it. Docket No. 44 at 1. But that would not make his challenge to his 2014 consecutive sentences timely under the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). He also quibbles about which of his consecutive sentences was to run first (Docket No. 44 at 1–2), but the order of his sentences has no impact on their total length or their consecutive nature. Petitioner's only theory to establish the timeliness of his petition is that he did not learn until 2022, when the TDCJ corrected his sentence calculation, that his sentences were ordered to run consecutively. But for the reasons explained by the Magistrate Judge, the record establishes that Petitioner knew or should have known in 2014 that his sentences were consecutive and that Petitioner failed to exercise the diligence necessary to merit equitable tolling of his claims. Docket No.41 at 4–8. And because that procedural ruling is not debatable on this record, no certificate of appealability is warranted. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has also appealed the Magistrate Judge's order denying his motion for release pending the outcome of this case. Docket Nos. 38, 42, 45. Rule 72(a) of the Federal Rules of Civil Procedure provides that a district judge "must consider timely

objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Upon review, Petitioner's motion was correctly decided and is now moot in light of the denial of habeas relief. His objection to the Magistrate Judge's ruling is therefore overruled.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket Nos. 44, 46) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 41) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice as untimely. Further, the Court **DENIES** a certificate of appealability. Any pending motions are **DENIED** as moot. The Clerk of Court is directed to file a copy of this Order in the companion case, Case No. 6:24-cv-046.

So **ORDERED** and **SIGNED** this **31st** day of **October, 2024.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE